# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 13, 2019

Lyle W. Cayce
Clerk

No. 18-41193
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GUILLERMO CARDENAS-SANCHEZ, also known as Gilberto Menera-Sanchez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:17-CR-908-1

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Guillermo Cardenas-Sanchez pleaded guilty to importing 500 grams or more of methamphetamine into the United States, and he was sentenced to 200 months in prison. On appeal, Cardenas-Sanchez argues that the district court erred by applying a two-level enhancement under U.S.S.G § 2D1.1(b)(12) for maintaining a premises for the purpose of storing a controlled substance.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-41193

Specifically, he contends that the evidence was insufficient to show that drug storage was a primary or principal use of his residence because he permanently lived at the home with his family, whereas he only temporarily stored drugs there, which did "not take a lot of space."

"The district court's application of § 2D1.1(b)(12) is a factual finding reviewed for clear error." *United States v. Haines*, 803 F.3d 713, 744 (5th Cir. 2015).  The application note for § 2D1.1(b)(12) explains that the enhancement "applies to a defendant who knowingly maintains a premises (*i.e.*, a building, room, or enclosure) for the purpose of manufacturing or distributing a controlled substance, including storage of a controlled substance for the purpose of distribution."  § 2D1.1, comment. (n.17).  "Manufacturing or distributing a controlled substance need not be the sole purpose for which the premises was maintained, but must be one of the defendant's primary or principal uses for the premises, rather than one of the defendant's incidental or collateral uses for the premises." *Id.*

According to the presentence report (PSR), Cardenas-Sanchez admitted that he regularly imported drugs from Mexico, receiving 12 to 15 kilograms of methamphetamine every month and storing the drugs in his home until they were subsequently distributed to other dealers.  The admission was corroborated by the statement of at least one other participant in the smuggling operation.  Cardenas-Sanchez failed to provide any evidence rebutting the information in the PSR. *See United States v. Trujillo*, 502 F.3d 353, 357 (5th Cir. 2007).  The district court's conclusion that the storage of drugs was a primary or principal use of Cardenas-Sanchez's residence was plausible in light of the record as a whole. *See Haines*, 803 F.3d at 744; *Trujillo*, 502 F.3d at 356.

AFFIRMED.